IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:21-cv-00139-BO

| | |
|---|---|
| Bernard Christopher Gee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| Kilolo Kijakazi, ) | |
| Acting Commissioner of Social Security ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 18, DE 20]. A hearing on the matters was held before the undersigned September 1, 2022 via video conference in Edenton, North Carolina. In this posture, the motions are ripe for ruling. For the following reasons, plaintiff's motion for judgment on the pleadings is GRANTED and defendant's motion is DENIED.

## BACKGROUND

Plaintiff Bernard Christopher Gee served in the United States Army for over fourteen years. He completed two tours of Iraq and Kuwait, serving as a motor transport operator. Tr. 4097–98. Mr. Gee was deployed in the "designated imminent danger pay area" and survived many combat missions. Tr. 4097. He earned a Bronze Star and was honorably discharged in 2011. Tr. 4097. Mr. Gee struggled to adapt to civilian life. In 2015, he sought mental health treatment through the Department of Veterans Affairs (VA); they diagnosed him with PTSD and granted him a 50% disability rating. Tr. 3806–07.

1

His PTSD worsened over the next two years, and he became paranoid, irritable, and argumentative. After an argument with his supervisor in early 2018, he was fired. Tr. 3194. Mr. Gee sought more treatment with the VA, and they upgraded his disability rating to 70%. Tr. 3062. Mr. Gee's condition deteriorated steadily. He couldn't find another job, and in May 2018, the VA found that Mr. Gee's PTSD rendered him unemployable. Tr. 3007. Mr. Gee's condition got even worse. In September 2019, the VA recognized that Mr. Gee could not leave his house because of his PTSD.[1] Tr. 227. The VA upgraded his disability to 90%. Tr. 247.

Mr. Gee first applied for a period of disability and disability insurance benefits on August 13, 2018 alleging a disability onset date of January 1, 2018. Plaintiff appeared before an Administrative Law Judge (ALJ) on February 6, 2020 and was denied on March 30, 2020. He did not appeal this decision.

Mr. Gee filed a second application on July 17, 2020, alleging a disability onset date of January 1, 2018. ALJ Adams noted Mr. Gee's disability rating but found that the "rating itself is not inherently valuable information." Tr. 23. On April 29, 2021, the ALJ denied plaintiff's application. The denial became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review.

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his application for disability and disability insurance benefits pursuant to Title II of the Social Security Act as well as supplemental security income pursuant to Title XVI of the Social Security Act.

---

[1] Mr. Gee testified he is unable to leave the house about ten to fifteen days a month. Tr. 51.

2

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the date that his application was filed. At step two, the ALJ found plaintiff had the following severe impairments: post-traumatic stress disorder, left shoulder degenerative joint disease, degenerative disc disease, and generalized anxiety disorder. At step three, the ALJ found that plaintiff's impairments did not meet or equal a Listing either alone or in combination. The ALJ found that plaintiff could perform light work, subject to some limitations. Tr. 18. At step four, the ALJ found that plaintiff could not perform his past relevant work as a tractor trailer truck driver. Tr. 54. At step five, the ALJ determined that considering plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that plaintiff could perform.

I. The ALJ erred by discounting the VA disability determination as "not inherently valuable."

The VA determined that Mr. Gee was 90% disabled, unemployable, and unable to leave his house. Tr. 229, 1008. The ALJ discounted the VA disability determination as "not inherently valuable." Tr. 27. Plaintiff argues this was reversible error. This Court agrees.

The rule is that the ALJ must give substantial weight to the VA disability rating. *Bird v. Comm'r Soc. Sec. Admin*, 699 F.3d 337, 343 (4th Cir. 2012). An ALJ may decline to give substantial weight to a VA disability rating, but only if the ALJ analyzed the "persuasive, specific, valid reasons for doing so that are supported by the record." *Woods v. Berryhill*, 888 F.3d 686, 692 (4th Cir. 2018). The district court cannot engage in a meaningful review without that analysis. *Id.* at 693–94. Thus the need for a meaningful review – not the SSA rules – requires an ALJ to analyze why she did not accord the disability determination substantial weight. *See Bird*, 699 F.3d at 343.

After *Bird* was decided, the Social Security Administration amended its regulations to provide that "[d]ecisions by other governmental agencies and nongovernmental entities" are "inherently neither valuable nor persuasive."[2] 20 C.F.R. § 404.1520b(c)(1). The government argues these amendment regulations supersede *Bird* and its progeny.[3] The government proposes that, because the SSA regulations don't require ALJ's analysis, a district court must make do without it. This argument "rests on a fundamental misunderstanding of *Bird* and the cases that preceded

---

[2] These regulations only apply to claims filed after March 27, 2017.

[3] Fourth Circuit district courts are split on this issue. "Compare *Teel v. Kijakazi*, No. 4:20-CV-119-D, 2021 WL 5234973 (E.D.N.C. Oct. 18, 2021) (finding Bird still applicable following amendment to regulations) and Rose v. Saul, No. 7:19-cv-91-BO, 2020 WL 4740479 (E.D.N.C. Aug. 14, 2020) (same), with, *Pizarro v. Kijakazi*, No. 5:21-CV-46-FL, 2022 WL 866823 (E.D.N.C. Mar. 30, 2022) (finding that the amended regulations supersede Bird) and *McClellon v. Kijakazi*, No. 6:20-cv-3216-SAL, 2021 WL 6133847 (D.S.C. Dec. 28, 2021) (same)." *Garza v. Kijakazi*, No. 5:21-CV-268-FL, 2022 WL 4361923, at *8 (E.D.N.C. Aug. 24, 2022).

5

it. *Bird* did not interpret a prior regulation, alterable by SSA. Rather, *Bird* followed a line of cases expounding on what is required from the ALJ to enable the Court to conduct its review." *Rose v. Saul*, No. 7:19-cv-91-BO, 2020 WL 4740479 at *3 (E.D.N.C. Aug. 14, 2020).

The SSA regulations may not require analysis, but § 405(g) requires an ALJ to analyze why she did not give the VA's disability determination significant weight. ALJs are bound by both § 405(g) and the SSA regulations. Relaxing the SSA regulations does not relax this Court's need to conduct a meaningful review under § 405(g).

Here, the ALJ discounted the VA's 90% disability determination as "not inherently valuable." The ALJ provided no more explanation. That may be consistent with SSA regulations, but it makes it impossible for this Court to perform a meaningful review. *Woods*, 888 F.3d at 692–93. This Court has held that SSA's new regulations "did not supersede the Fourth Circuit's decision in *Bird*, and the ALJ committed reversible error by failing to afford substantial weight to [the] VA rating." *Rose*, 2020 WL 4740479 at *3. The government has provided no reason to deviate from that holding.

II. There is no substantial evidence that Mr. Gee is employable

The only remaining issue is how to remedy this error. Sentence Four of 42 U.S.C. 405(g) gives this Court the power to "enter, upon the pleadings and transcript of the Record, a judgment affirming, modifying, or reversing the decision of the Commissioner ... with or without remanding the case for rehearing." 42 U.S.C. § 405(g) (2014); *see Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). In its discretion, this Court may reverse and remand a case for calculation of benefits. *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 112 (4th Cir. 2020); *Edwards v. Bowen*, 672 F. Supp. 230, 236–37 (E.D.N.C. 1987). The Fourth Circuit has held that it is appropriate for a federal

6

court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

There is no substantial evidence that Mr. Gee can perform any work on a regular, continuous, and reliable basis. As noted above, the ALJ should have given substantial weight to the VA's determination that Gee had a combined 90% service-connected disability and was unemployable.

The evidence supports finding Mr. Gee unemployable. His psychiatrist noted Mr. Gee was depressed, hypervigilant, and experiencing psychotic symptoms, namely auditory hallucinations. Tr. 386. His therapist observed that he was emotionally isolated and irritable. Tr. 490. His former supervisor wrote to the VA that Mr. Gee was "unable to work with others, attitude, very aggressive, not made for work environment dealing with people!" Tr. 3194. The vocational rehabilitation evaluator stated that Mr. Gee was "unable to obtain, maintain, or prepare for specific employment in the labor market that did not aggravate his service connected disabilities." Tr. 2825.

Mr. Gee's testimony also shows that he cannot perform any work. He testified that his PTSD prevents him from leaving his house for ten to fifteen days each month. Tr. 51. His anger is so severe that he blacks out at least twice a week. Tr. 47. When he does leave his house, he carries a weapon. Tr. 47. He has installed security cameras in his house and watches them through the night. Tr. 47. He constantly checks the locks. Tr. 47. This is not a man who can perform any work on a regular, continuous, sustained, and reliable basis.

7

After a full review of the record, this Court finds the ALJ's non-disability finding was based on incorrect legal standards and that Mr. Gee was legally disabled during the relevant period. Therefore, this Court reverses and remands for a calculation of benefits.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that reversal is appropriate because the ALJ's decision is not supported by substantial evidence. Accordingly, plaintiff's motion for judgment on the pleadings [DE 18] is GRANTED. Defendant's motion [DE 20] is DENIED. The decision of the Commissioner is REVERSED, and the matter is remanded for an award of benefits.

SO ORDERED, this 29 day of September, 2022.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE